NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 13 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

COBB LAVERNE MUTTER,

No.    18-15877

Plaintiff-Appellant,

D.C. No. 2:16-cv-02381-KJN

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

MEMORANDUM*

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of California
Kendall J. Newman, Magistrate Judge, Presiding

Submitted October 8, 2021**

Before:  THOMAS, Chief Judge, HAWKINS and MCKEOWN, Circuit Judges.

Cobb Laverne Mutter appeals the district court's affirmance of the

Commissioner of Social Security's denial of his application for disability insurance

benefits under Title II of the Social Security Act.  We have jurisdiction under 28

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291 and 42 U.S.C. § 405(g). We review the district court's decision de novo and will reverse only if the Administrative Law Judge's ("ALJ") findings are based on legal error or are not supported by substantial evidence. *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016). We affirm.

The ALJ provided specific, clear, and convincing reasons to discount Mutter's symptom testimony as inconsistent with and unsupported by the record and based on a lengthy gap in treatment, conservative treatment, and evidence that his conditions were managed with medication. *See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (ALJ may discount a claimant's symptom testimony based on inconsistencies); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039-41 (9th Cir. 2008) (ALJ may discount a claimant's subjective complaints based on an "unexplained or inadequately explained failure to seek treatment or follow a prescribed course of treatment" or evidence of relief with conservative treatment); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (ALJ may consider a lack of corroborating medical evidence as one factor in the credibility determination); *see also* 20 C.F.R. § 404.1529(c)(3)(iv) (ALJ may account for the effectiveness of a claimant's medication).

The ALJ considered the Veterans Affairs("VA") disability rating, which cited and relied on the opinion of Dr. Geoffrey Hutchinson and provided specific, valid reasons to reject the disability rating as conclusory, lacking record support,

18-15877

and inconsistent with Mutter's subsequent travels and missionary activity. *See Berry v. Astrue,* 622 F.3d 1228, 1236 (9th Cir. 2010) (ALJ properly discounted VA disability rating where evidence that post-dated the disability rating demonstrated improvement); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 695 (9th Cir. 2009) (ALJ properly discounted VA disability rating where the record before the ALJ included evidence that undermined the disability rating and was not available to the VA at the time of its rating). Because the ALJ addressed the substance of Dr. Hutchinson's opinion and provided specific and legitimate reasons to discount it, any error in not separately addressing Dr. Hutchinson's opinion was harmless. *See Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (error is harmless where it is "inconsequential to the ultimate nondisability determination" (internal quotation marks and citation omitted)); *see also id.* at 1154-55 (ALJ may reject a medical opinion as inconsistent with claimant's activities); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (ALJ may reject a medical opinion that is conclusory and inadequately supported by clinical findings).

The ALJ did not err by failing to address the VA's notation that Mutter's additional disability claims were independently ratable, where the administrative record does not include the VA determinations concerning these claims. By inquiring as to outstanding records and keeping the record open, the ALJ met his duty to inquire. *See McLeod v. Astrue*, 640 F.3d 881, 886 (9th Cir. 2011) (where

3                                                                          18-15877

the ALJ has reason to believe a VA disability rating exists, the ALJ has a duty to inquire).

The ALJ did not err in assigning great weight to the 2014 opinions of consulting psychologist Troy Ewing as to Mutter's mental functioning prior to his date last insured in 2009, where Mutter alleged ongoing disability and testified that his mental health condition remained the same. The ALJ reasonably incorporated the limitations Dr. Ewing assessed into its determination of Mutter's residual functioning capacity ("RFC"). *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (ALJ reasonably translated limitations assessed into concrete work restrictions).

The ALJ provided specific and legitimate reasons to assign little weight to the opinion of consulting psychologist Robert Morgan as inconsistent with and unsupported by the medical record, inconsistent with Mutter's missionary work and daily activities, and based on Mutter's subjective allegations. *See Ford*, 950 F.3d at 1154-55 ("A conflict between a treating physician's opinion and a claimant's activity level is a specific and legitimate reason for rejecting the opinion."); *Tommasetti*, 533 F.3d at 1041 (ALJ may reject an opinion that is "inconsistent with the medical records" or based on the claimant's properly discredited complaints); *Thomas*, 278 F.3d at 957 (ALJ may reject an opinion that is conclusory and "inadequately supported by clinical findings").

18-15877

The ALJ did not err in assigning great weight to the opinion of nonexamining medical advisor Dr. Cynthia Horn. *See Thomas*, 278 F.3d at 956-57 (ALJ is responsible for resolving conflicts in the medical evidence and weighing medical opinions).

Substantial evidence supports the ALJ's RFC formulation. *See id. at* 954 (this court must uphold the ALJ's rational interpretation of the evidence).

**AFFIRMED.**

18-15877